UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| LARRY WILKES, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | No. 4:02CV631-DJS |
| ) | |
| AL LUEBBERS,[1] ) | |
| ) | |
| Respondent. ) | |

**MEMORANDUM AND ORDER**

This matter is before the Court on Missouri state prisoner Larry Wilkes' pro se petition for writ of habeas corpus under 28 U.S.C. § 2254.

On May 18, 1999, petitioner was convicted by a jury in the Circuit Court of St. Louis County, Missouri, of tampering in the first degree, a class C felony. (Resp. Exh. A at 32). On June 30, 1999, petitioner was sentenced as a persistent offender to a term of thirteen years. (Resp. Exh. A at 50-51). Petitioner appealed the judgment, and on April 25, 2000, petitioner's conviction and sentence were affirmed on direct appeal by the Missouri Court of Appeals. (Resp. Exhs. A at 53-56 and E; State v.Wilkes, 16 S.W.3d 727 (Mo. Ct. App. 2000)). On April 10, 2001, petitioner's motion for post-conviction relief pursuant to Missouri Supreme Court Rule 29.15 was denied after an evidentiary hearing. (Resp. Exhs. F at 44-53 and G). On appeal, the Missouri Court of Appeals affirmed the denial of petitioner's motion for post-conviction relief in an opinion dated January 15,

---

[1]Petitioner is currently incarcerated at Farmington Correctional Center in Farmington, Missouri. Inasmuch as Al Luebbers, the Superintendent of Farmington Correctional Center, is petitioner's custodian, Al Luebbers should be substituted for Michael Murphy as the proper party respondent in this cause. 28 U.S.C. §2254(a).

2002.  (Resp. Exh. J; State v.Wilkes, 64 S.W.3d 880 (Mo. Ct. App. 2002)).  Petitioner pursued no other action in state court.

Petitioner is currently incarcerated at the Farmington Correctional Center in Farmington, Missouri, pursuant to the sentence and judgment of the Circuit Court of the St. Louis County.  In the instant petition for writ of habeas corpus, petitioner raises four grounds for relief:

(1) That he was denied his due process right to testify on his own behalf because his counsel failed to call petitioner to testify and his trial counsel was ineffective for not having him testify;

(2) That the prosecution withheld exculpatory evidence showing that the State threatened one of petitioner's witnesses with additional charges if the witness testified on petitioner's behalf;

(3) That there exists "newly discovered evidence of actual innocence of the crime for which petitioner was convicted;" and

(4) That the prosecution systematically excluded an African-American person from the venire panel.

In response, respondent concedes that petitioner has exhausted his claims inasmuch as they have been properly raised in the state courts or because petitioner has no available non-futile state remedies by which he could present these claims.  Respondent contends, however, that the claims raised in grounds two and three are procedurally barred from review inasmuch as petitioner failed to properly raise these claims in state court.  Respondent also contends that the claims raised in grounds one and four are without merit and should be rejected.   For the reasons set forth below, the Court finds that none of these grounds is sufficient to warrant relief and, therefore, denies the petition.

## I. Procedural Default

In grounds two and three, petitioner claims that the prosecution withheld exculpatory evidence and that newly discovered evidence establishes his actual innocence. A review of the record shows petitioner failed to raise these claims on direct appeal or in his first amended Rule 29.15 motion for post-conviction relief. (Resp. Exhs. C, E, and F at 17-21). Likewise, these claims were not pursued on appeal of the denial of petitioner's post-conviction motion. (Resp. Exh. J). Nor does the record show petitioner to have raised these claims in any other state court proceeding.

Missouri procedure requires that a claim for relief be presented at each step of the judicial process. Jolly v. Gammon, 28 F.3d 51, 53 (8th Cir. 1994). Failure to so present such claims constitutes a procedural bar. Id. In addition, "[f]ailure to raise a claim on appeal from the denial of a post-conviction motion erects a procedural bar to federal habeas review." Id. Inasmuch as petitioner failed to properly present the instant claims in his state court proceedings, the claims are procedurally defaulted here, Sweet v. Delo, 125 F.3d 1144, 1149 (8th Cir. 1997), and cannot be reviewed by this Court absent a showing of cause and prejudice or a demonstration "that failure to consider the claims will result in a fundamental miscarriage of justice." Coleman v. Thompson, 501 U.S. 722, 750 (1991).

Petitioner neither asserts nor shows cause for or prejudice as a result of his failure to properly raise these claims in state court. Inasmuch as petitioner has failed to establish cause to excuse his procedural default, the need to determine whether prejudice has been shown is obviated. Sherron v. Norris, 69 F.3d 285, 289 (8th Cir. 1995). In addition, because petitioner has made no claim of actual innocence, he cannot satisfy the "fundamental miscarriage of justice" exception to the required

showing of cause and prejudice.[2] Schlup v. Delo, 513 U.S. 298, 314-15 (1995); Washington v. Delo, 51 F.3d 756, 761 (8th Cir. 1995). Therefore, the claims raised in grounds two and three of the instant petition are procedurally barred from review and will be denied.

## II. Claims Addressed on the Merits

Section 2254(d)(1) requires federal habeas courts to test the determination of state courts "only against 'clearly established Federal law, as determined by the Supreme Court of the United States,'" and prohibits the issuance of a writ of habeas corpus "unless the state court's decision is 'contrary to, or involved an unreasonable application of,' that clearly established law." Williams v. Taylor, 529 U.S. 362, 379 (2000). The federal law must be clearly established at the time petitioner's state conviction became final, and the source of doctrine for such law is limited to the United States Supreme Court. Id., 529 U.S. at 380-83.

A state court's decision is "contrary to" clearly established law if "it applies a rule that contradicts the governing law set forth in [the Supreme Court's] cases, or if it confronts a set of facts that is materially indistinguishable from a decision of [the Supreme Court] but reaches a different result." Brown v. Payton, 125 S.Ct. 1432, 1438 (2005). A decision involves an "unreasonable application" of clearly established law if "the state court applies [the Supreme Court's] precedents to the facts in an objectively unreasonable manner." Id. at 1439; Williams, 529 U.S. at 405. "Federal habeas relief is warranted only when the refusal was 'objectively unreasonable,' not when it was merely erroneous or incorrect." Carter v. Kemna, 255 F.3d 589, 592 (8th Cir. 2001) (quoting Williams, 529 U.S. at 410-11).

---

[2]Although petitioner asserts actual innocence as a ground for relief, he fails to support his claim with any new evidence establishing probable actual innocence.

1. <u>Ground 1 - Ineffective Assistance of Counsel</u>

In his first ground for relief, petitioner contends that he was denied due process by his counsel's failure to call him to testify and such failure constituted ineffective assistance of counsel. A review of the record shows petitioner not to have raised the claim of denial of due process rights on direct appeal. (Resp. Exh. C). As such, to the extent petitioner claims in the instant petition that he was denied due process by his counsel's failure to call him to testify, such claim is procedurally defaulted inasmuch as the same factual bases underlying the claim was not presented to the state court.

Missouri procedure requires that a claim for relief be presented at each step of the judicial process. <u>Jolly v. Gammon</u>, 28 F.3d 51, 53 (8th Cir. 1994). A habeas petitioner must assert the same factual grounds and legal theories in the state court proceeding as he asserts in his federal habeas petition. <u>Picard v. Connor</u>, 404 U.S. 270 (1971); <u>Abdullah v. Groose</u>, 75 F.3d 408, 411 (8th Cir. 1996). Mere similarity in claims is insufficient. <u>Abdullah</u>, 75 F.3d at 412 (citing <u>Duncan v. Henry</u>, 513 U.S. 364 (1995)).

A review of the record shows petitioner to have wholly failed to raise the claim of denial of due process rights on direct appeal in state court. As such, petitioner has defaulted the claim and is procedurally barred from pursuing it in this federal habeas proceeding. <u>Coleman v. Thompson</u>, 501 U.S. 722, 731-32 (1991); <u>Forest v. Delo</u>, 52 F.3d 716, 719 (8th Cir. 1995). Inasmuch as petitioner has defaulted the first claim raised in ground one of the instant petition, this Court cannot reach the merits of the claim absent a showing of cause and prejudice or a demonstration "that failure to consider the claim[] will result in a fundamental miscarriage of justice." <u>Coleman</u>, 501 U.S. at 750. Petitioner has neither asserted nor shown cause for or prejudice as a result of his failure to properly

pursue this claim in state court. In addition, because petitioner has made no claim of actual innocence, he cannot satisfy the "fundamental miscarriage of justice" exception to the required showing of cause and prejudice. Schlup v. Delo, 513 U.S. 298, 314-15 (1995); Washington v. Delo, 51 F.3d 756, 761 (8th Cir. 1995). Thus, such claim is procedurally barred from review by this Court.

A review of the record shows that petitioner raised the claim of ineffective assistance of trial counsel in his motion for post-conviction relief and on appeal of the denial of the motion. (Resp. Exhs. F at 18-19 and H). After review of the merits of the claim, the Missouri Court of Appeals denied petitioner relief. (Resp. Exh. J). To the extent this is the claim petitioner raises in the instant petition, the claim is not procedurally defaulted. For the reasons set forth below, the undersigned finds that petitioner's claim for relief lacks merit.

In his post-conviction motion and on appeal, petitioner claimed that:

> counsel should have put movant on the stand to testify in his own behalf after one of the witnesses called by the defense invoked his fifth amendment right against self incrimination and refused to testify. In his motion movant alleged that he would have testified that he was not involved in stealing the car, that he did not know that the car was stolen, and that he did not notice the steering column was broken. At the evidentiary hearing movant testified that he told counsel numerous times that he wanted to testify and that he would take the risk of the jury hearing about his prior felony convictions.

(Resp. Exh. J at 3). Upon review of the claim, the Missouri Court of Appeals noted in its written decision that:

> In order to establish ineffective assistance of counsel, a movant must show that: 1) counsel's performance did not conform to the degree of skill, care, and diligence or a reasonable competent attorney; and 2) movant's defense was prejudiced by his counsel's poor performance. A movant must show both elements in order for the court to find that the conviction 'resulted from a breakdown in the adversary process that renders the result unreliable.'

Actions that constitute sound trial strategy are not grounds for a finding of ineffective assistance of counsel. In order to satisfy the first prong, movant must overcome the presumption that any challenged actions were sound trial strategy, that counsel rendered adequate assistance, and that counsel made all significant decisions in the exercise of professional judgment. The prejudice prong of the Strickland test is not presumed from a showing of deficient performance, but also must be affirmatively proved. Prejudice is not established by a showing that trial counsel's errors had some conceivable effect on the outcome of the proceedings, rather movant must show a reasonable probability that the result would have been different but for the errors of counsel.

*****

At the hearing counsel testified that he discussed trial strategy with movant prior to trial, including the effect of his three prior felonies on the decision to testify. Counsel felt that the jury would be prejudiced against movant if it heard about three prior felonies and discussed this with movant. He was also concerned that movant may be cross-examined about his use of drugs on the time of the incident in relation to his ability to recall the events of the evening. However, movant wanted to testify. They left open the decision whether movant would testify. Counsel endorsed the two juveniles who were in the car with movant to testify to the facts supporting movant's defense. One refused to testify. The other testified that he and his brother took the automobile and later gave movant a ride. They did not tell him the car was stolen. After this testimony, counsel advised movant that they should go with that testimony, that they had what they needed, and they should rest their case so that the prior convictions would not come out. Counsel told movant that movant needed to decide whether he still wanted to testify. Movant said it was fine to go with counsel's recommendation. Movant did not indicate he wanted to testify. Counsel left the decision to movant and never refused to let him testify.

The trial court found that trial counsel was credible and movant was not credible. It found that counsel's performance was not deficient because counsel's decision not to have movant testify was a matter of sound trial strategy, given movant's prior felony convictions and movant's possible use of illegal drugs on the night of the crime.

A witness's credibility is a matter for the motion court's determination. We defer to the trial court's determination that movant did not request to testify. An attorney's advice regarding whether or not a defendant should testify is a matter of trial strategy. In this case the trial court did not clearly err in finding that counsel's advise that movant not testify was sound trial strategy because movant would be exposed to cross-examination on his prior felonies and drug use on the night in question and because movant's defense was put before the jury through testimony of another occupant of the stolen automobile. Point one is denied.

(Resp. Exh. J at 2-4) (internal citations omitted).  The record demonstrates through counsel's testimony that his decision not to call petitioner was a matter of trial strategy discussed with petitioner.  Counsel's decision was based on his belief that since petitioner had three prior felony convictions, possible drug use on the night of the crime, and petitioner's defense was presented through the testimony of another occupant of the car, his testimony would have been detrimental to the defense.  If counsel believes that the witness's testimony would not unqualifiedly support the defense, the decision whether to call the witness is a matter of trial strategy that will not support a finding of ineffective assistance of counsel.  Furthermore, counsel never refused to let petitioner testify but left the decision to petitioner.  Because the decision not to call petitioner stemmed from strategic concerns, given petitioner's prior felony convictions and his possible use of illegal drugs on the night of the crime, the Missouri Court of Appeals opined that it cannot constitute ineffective assistance of counsel.  Those findings are fairly supported by the record and this Court finds no basis for departing from that analysis.

At the time petitioner's conviction became final, the law was clearly established that in order to obtain relief under the Sixth Amendment for ineffective assistance of counsel, a petitioner must show that counsel's performance was both deficient and prejudicial.  See Strickland v. Washington, 466 U.S. 668, 687 (1984).  The crucial issue is whether the petitioner suffered material prejudice due to counsel's alleged deficient performance.  Witherspoon v. Purkett, 210 F.3d 901, 903 (8th Cir. 2000).  In order to show prejudice, petitioner must establish that there is reasonable probability that but for trial counsel's unprofessional errors, the result of petitioner's trial would have been different.  Strickland, 466 U.S. at 694.  A reasonable probability is "a probability sufficient to undermine confidence in the outcome."  Id.  In evaluating the probability of a different result, the

court must consider the totality of the evidence. Id., 466 U.S. at 695. Rather than second-guessing counsel's actions with the benefit of hindsight, the reviewing court must examine counsel's decisions with a high degree of deference. Id., 466 U.S. at 689; White v. Helling, 194 F.3d 937, 941 (8th Cir. 1999) (the court "must resist the temptation to use hindsight to require that counsel's performance have been perfect. Only reasonable competence, the sort expected of the 'ordinary fallible lawyer' ... is demanded by the Sixth Amendment") (internal citation omitted). The petitioner bears a heavy burden in overcoming "a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." Id. "Reasonable trial strategy does not constitute ineffective assistance of counsel simply because it is not successful." James v. Iowa, 100 F.3d 586, 590 (8th Cir. 1996). Furthermore, even if petitioner show counsel's performance was deficient, "[a]n error by counsel, even if professionally unreasonable, does not warrant setting aside the judgment of a criminal proceeding if the error had no effect on the judgment." Strickland, 466 U.S. at 691.

In the instant claim of ineffective assistance of counsel, petitioner specifically contends that trial counsel should have but failed to call him to testify on his own behalf. In addressing the claim, the Missouri Court of Appeals set out the Strickland standard for ineffective assistance of counsel and determined petitioner not to have shown that counsel's alleged deficient performance prejudiced his defense. In particular, the Missouri Court of Appeals opined that "the trial court did not clearly err in finding that counsel's advise that movant not testify was sound trial strategy because movant would be exposed to cross-examination on his prior felonies and drug use on the night in question and because movant's defense was put before the jury through the testimony of another occupant of the stolen automobile." (Resp. Exh. J at 4). The Missouri Court of Appeals concluded that counsel's decision not call petitioner to testify did not prejudice his defense, and thus petitioner had

failed to show constitutionally ineffective assistance of counsel. Such determination was not contrary to, nor involved an unreasonable application of, clearly established federal law. 28 U.S.C. § 2254(d)(1).

Based on the above, the state court's decision denying petitioner relief is well based on law and fact. The undersigned is unaware of any "clearly established Federal law, as determined by the Supreme Court of the United States" of which the court's decision runs afoul, nor has petitioner demonstrated such. Therefore, it cannot be said that the state court's adjudication of the instant claim "resulted in a decision that was contrary to, or involved an unreasonable application of," clearly established federal law. 28 U.S.C. § 2254(d)(1). Neither has petitioner shown that the court's determinations "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d)(2). As such, the claim raised in ground one of the instant petition will be denied. 28 U.S.C. § 2254(d).

2.  Ground 4 - Batson Challenge

In his fourth claim for relief, petitioner contends that the State improperly exercised one of its peremptory challenges to strike an African-American from the jury. A review of the record shows petitioner to have raised this claim on direct appeal with respect to African-American Veniremember Christy Wright (Resp. Exh. D at 8-14), and, upon review of the merits of the claims, the Missouri Court of Appeals denied petitioner relief. (Resp. Exh. E at 2-4).

On direct appeal, the Missouri Court of Appeals rejected this claim by finding:

Defendant claims that the trial court erred in overruling his Batson objection to the State's striking of venireperson Wright from the jury panel because it denied his and Wright's, both African-Americans, rights to equal protection and his right to due process. To determine if a peremptory strike violates Batson, Missouri has adopted a three-step procedure. First, the party must object and identify the venireperson's

cognizable group; second, the State must offer reasonably specific, neutral reasons for the exclusion; and finally, the objecting party must show that the purported explanation was a mere pretext for removal of the prospective juror because, for example, of race. Unless a discriminatory intent is inherent in the explanation, the court will deem the explanation race-neutral, even if it is not persuasive or even plausible. A prosecutor can exercise its peremptory challenges on the basis of its legitimate 'hunches' and past experience.

A trial court's finding as to whether the State has intentionally discriminated on the basis of race in making a peremptory strike is a finding of fact and, as such, will be reversed only when that finding is clearly erroneous. The determination is clearly erroneous only if this Court is left with a definite and firm conviction that a mistake has been made.

Defendant claims the State's proffered reasoning for the strike of Wright was a mere pretext. In determining whether the State's reasoning is a mere pretext, the court should consider the plausibility of the State's explanations in light of the totality of the facts and circumstances of the case. In striking Wright, the State explained that Wright would not be fair to it as a juror because she was late returning from lunch, a sign that she did not take the proceedings seriously, that she had a friend and a relative who had been convicted, and that she had some legal experience as a secretary in a family law firm.

Defendant seeks to establish the State's racially discriminatory motivation by contrasting the State's explanation for striking Wright to the characteristics of juror Peters, a white man, whom the State did not strike from the panel. Specifically, Defendant notes that Peters was also late in returning from lunch. Failure to arrive at court on time has been accepted as a non-pretextual, race-neutral basis of a peremptory strike. In these cases, all tardy venirepersons were struck by the State, in contrast to the present case where only one was struck, and happened to be African-American. When the court pointed out to the State that Peters was also late in returning, the State replied that it was unaware of his tardiness. Although it may be difficult to substantiate this argument, it is within the trial court's discretion to determine the credibility and demeanor of the attorney exercising the challenge.

The State also offered other acceptable race-neutral reasons for the striking of Wright. Arrest, prosecution, or incarceration of a relative is a race-neutral reason for exercising a peremptory challenge. Likewise, the incarceration of a friend may also serve as a race-neutral reason to exercise a peremptory challenge. A venireperson's employment is also a valid, race-neutral reason for a peremptory challenge. Moreover, Defendant fails to note any venireperson 'similarly situated' to Wright as to all of the factors cited by the State. Point denied.

(Resp. Exh. E at 2-4) (internal citations omitted). Inasmuch as petitioner does not rebut these factual findings by clear and convincing evidence, they are presumed to be correct. 28 U.S.C. § 2254(e).

During jury selection, the State exercised its peremptory challenges and struck African-American veniremembers from the jury panel, including Ms. Wright. Petitioner challenged this strike as being racially motivated . (Resp. Exh. B at 143-46). The following exchange with respect to Ms. Wright then took place:

> COURT: Mr. Reilly, you need to articulate a race neutral reason for striking Juror Number 20, Ms. Wright.
>
> [STATE]: With regard to Juror Number 20, first of all, I'll cite to the Court she was late returning for lunch. Based on my training and experience that indicates that she doesn't take the proceeding that seriously. And because of that I don't think she's going to be a good State's juror.
> In addition to that, she stated that she knows people who have been arrested, charged with criminal offenses. One of them is her sister's nephew who's incarcerated.
> She had a friend that she grew up with, arrested and charged with murder. Because of that I don't think she's going to be sympathetic to the State. I don't think she's going to be a good State juror.
> In addition to that she does have some legal experience. She's typed pleadings before. She may know something about the legal system in terms of typing and preparing pleadings. She may be because of that experience that may affect the way she looks at this case.
> When I look at all those things in total, I don't think she's going to be a good State's juror in view of the fact that she's late, she has friends and family who - - Strike that. She has friends and one family member who's been incarcerated, a friend charged with murder she grew up with. Because of that I struck her.
>
> COURT: I will withhold a peremptory challenge on Number 20 because I think he stated race neutral reasons.
>
> [DEFENSE]: At this point I do have some similarly situated individuals who go to that point. Number one specifically Juror Number 27, Juror Number 28.
>
> [STATE]: I f I had enough strikes, Judge, I would strike them, too. Unfortunately, I only have one strike on the alternates. I don't like any of them.

| | | |
|---|---|---|
| [DEFENSE]: | Those individuals have also said that they had people who were involved in the criminal justice system. That's my point on that. And those individuals, I mean, were not struck as far as Number 27 and 28.<br>Also Mr. Peters, Number 9 is involved in the legal system as an expert witness. He has legal experience, and he was not struck, too. So he's similarly situated, and he was not struck. | |
| [STATE]: | If I may, Your Honor. Number 9, Mr. Peters, of course wasn't late and he doesn't have friends and family. | |
| COURT: | Mr. Peters was late. Number 9 and Number 20 were late. Each one of them were twenty to twenty-five minutes late. I just need to correct the record on that. | |
| [STATE]: | I did not know that. I will state he does not have friends and family who have been charged with criminal offenses. And that distinguishes him.<br>In addition to that, as far as treating similarly situated people, I struck Number 14 and 15 who had friends or family that were arrested and that were the subject of a criminal justice system. They have been struck.<br>If I had enough strikes, I would strike 27 and 28. I don't like either of them, but I don't have any strikes to strike them with. | |
| COURT: | Any other record with respect to Ms. Wright? | |
| [DEFENSE]: | Just I don't think the race neutral reasons are adequate, Judge, and I would object to your decision. | |
| COURT: | I accept that. | |

(Resp. Exh. B at 143-46).

On direct appeal, the Missouri Court of Appeals determined the State's reasons for striking Ms. Wright to be race-neutral. Specifically, the court noted that the State offered acceptable race-neutral reasons for the striking of Ms. Wright, including her tardiness in returning from lunch, a friend and a relative, both of whom had been convicted, and that her legal experience as a secretary in a family law firm. (Exh. E at 3). Inasmuch as the State had articulated race-neutral reasons for its strike of Ms. Wright, and petitioner failed to show such reasons to be pretexutal or any other

venireperson to be similarly situated to Ms. Wright, the Missouri Court of Appeals denied petitioner relief of his claim that the State's peremptory challenge was in violation of the Supreme Court's ruling in Batson. (Id. at 3-4).

Section 2254(d)(1) requires federal habeas courts to test the determinations of state courts "only against 'clearly established Federal law, as determined by the Supreme Court of the United States,'" and prohibits the issuance of a writ of habeas corpus "unless the state court's decision is 'contrary to, or involved in an unreasonable application of,' that clearly established law." Williams v. Taylor, 529 U.S. 362, 369 (2000). The federal law must be clearly established at the time petitioner's state conviction became final, and the source of doctrine for such law is limited to the United States Supreme Court. Id. at 380-83.

At the time petitioner's conviction became final, the law was clearly established that the Equal Protection Clause of the United States Constitution forbids the prosecution from using its peremptory challenges to strike potential jurors "solely on account of their race." Batson v. Kentucky, 476 U.S. 79, 89 (1986). As such, petitioner is entitled to relief only if the Missouri Court of Appeals' decision was either "contrary to, or involved an unreasonable application of," this clearly established law. Williams, 529 U.S. at 391-92. For the following reasons, the court's decision was neither, and the instant claim will be denied.

Batson dictates a three-step analysis: First, the defendant must make a prima facie showing that the prosecution has used its peremptory challenges to strike a potential juror because of race. Once the defendant has made such a showing, the prosecution bears the burden of coming forward with a race-neutral explanation for challenging the juror in question. Finally, the trial court must determine whether the defendant met her burden of proving purposeful discrimination. Hernandez

v. New York, 500 U.S. 352, 358-59 (1991) (citing Batson, 476 U.S. at 96-98). In addition to bearing the ultimate burden of persuasion, under Missouri law the defendant also bears the burden of proving pretext once a race-neutral explanation has been offered. United States v. Scott, 26 F.3d 1458, 1467 (8th Cir. 1994); State v. Parker, 836 S.W.2d 930, 939 (Mo. banc 1992). Pretext may be shown where "non-stricken white panel members share the characteristics of a stricken minority panel member." United States v. Jenkins, 52 F.3d 743, 747 (8th Cir. 1995). Whether a race-neutral explanation is pretext for discrimination is a question of fact. Gibson v. Bowersox, 78 F.3d 372, 374 (8th Cir. 1996). Factual findings of the state court are presumed to be correct unless petitioner shows otherwise by clear and convincing evidence. 28 U.S.C. § 2254(e)(1).

The Missouri Court of Appeals' factual finding that the State's articulated reasons for its strike was race-neutral and not pretextual was not an unreasonable determination of the facts in light of the evidence presented in the state court proceedings. See Purkett v. Elem, 514 U.S. 765, 769 (1995); Usman v. United States, 498 U.S. 863 (1990). In the instant cause, the record supports the state court's factual finding that the State's reason for striking Ms. Wright was not pretextual inasmuch as the circumstances identified by the prosecutor as underlying his decision to strike Ms. Wright were not possessed by other jurors who were not struck.[3] The record supports this finding, and petitioner's Batson claim must fail. Gibson, 78 F.3d at 374.

Based on the above, the state court's decision denying petitioner relief is well based on law and fact. This Court is unaware of any "clearly established Federal law, as determined by the Supreme Court of the United States" of which the court's decision runs afoul, nor has petitioner

---

[3]The Missouri Court of Appeals opined that "Defendant fails to note any venireperson 'similarly situated' to Wright as to all of the factors cited by the State." (Exh. E at 4).

demonstrated such. Therefore, it cannot be said that the state court's adjudication of the instant claim "resulted in a decision that was contrary to, or involved an unreasonable application," clearly established federal law. 28 U.S.C. § 2254(d)(1). Neither has petitioner shown that the court's determination "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d)(2). As such, the instant claim will be denied. 28 U.S.C. § 2254(d).

Therefore, for all of the foregoing reasons, the Court will separately this day enter a judgment denying petitioner relief.

**IT IS HEREBY ORDERED** that Al Luebbers, the Superintendent of Farmington Correctional Center, is deemed substituted for Michael Murphy as the proper party respondent.

    /s/Donald J. Stohr
UNITED STATES DISTRICT JUDGE

Dated this  6th  day of September, 2005.